IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JUAN JOSE HIDALGO,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:18-01540

WARDEN BARBARA RICKARD,
FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on September 19, 2019, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant respondent's motion to dismiss, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Hidalgo timely filed objections to the PF&R. See ECF No. 17. With respect to those objections, the court has conducted a de novo review.

On April 9, 2008, in the United States Court for the Western District of Texas, an indictment was returned charging Hidalgo with: money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i)-(ii) and § 1956(h), (Count Six); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, (Count Ten); and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (Count Eleven). The United States also filed a Notice of Enhanced Penalty, pursuant to 21 U.S.C. § 851.

On July 28, 2008, following a ten-day jury trial, Hidalgo was convicted on all counts. By operation of the § 851 information, Hidalgo was subject to a mandatory minimum sentence of twenty years on each of Counts Ten and Eleven. At sentencing, he was assigned a Criminal History of II which yielded a guideline range of twenty years on Count Six and a range of 324 to 405 months on Counts Ten and Eleven. Ultimately the court sentenced Hidalgo to 240 months on Count Six and 288 months on

each of Counts Ten and Eleven, all sentences to run concurrently.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the various arguments Hidalgo raises that, according to him, entitle him to habeas relief. Plaintiff's objections are difficult to decipher. Furthermore, to a large degree, they do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

Hidalgo objects to the PF&R's ultimate conclusion that his claims are not cognizable in § 2241. To that end, he argues that the decisions in United States v. Hinkle, 832 F.3d 569, 571 (5th Cir. 2016), Esquivel v. Lynch, 803 F.3d 699 (5th Cir. 2015), and Mathis v. United States, were decided after he was convicted and sentenced and, therefore, make him "actually innocent" of the sentence he received. See PF&R at 1. Hidalgo does not really grapple with the analysis in the PF&R detailing why he is unable to proceed under the savings clause on these claims — that these cases do not apply retroactively applicable on collateral review.

As Magistrate Judge Eifert correctly noted, Hidalgo challenges the validity of his conviction and sentence and, therefore, in view of the nature of his claims, his application must be considered to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are

the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of

4

constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has also held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also

5

Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted).  A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

With respect to his claims under Mathis, Descamps, and Hinkle, Magistrate Judge Eifert concluded that plaintiff could not satisfy the second prong of the Wheeler test as these decisions do not apply retroactively on collateral review. Magistrate Judge Eifert was correct on this point as numerous courts, in both the Fourth and Fifth circuits, have so held.  See PF&R at pp. 16-18 and authorities cited therein; see also Chapa v. Wilson, Civil Action No. 4:17-cv-421-O, 2019 WL 2103701, *2 (N.D. Tex. May 14, 2019) ("Descamps, Mathis, and Hinkle are not retroactively applicable."); Cardenas v. United States, Civil Action No. 1:16-306, 2018 WL 4599838, *12 (S.D. Tex. May 7, 2018) ("Indeed, every circuit court to address this issue has held that Mathis is not retroactive on collateral review."); Diaz v.

6

Beckley, CIVIL ACTION NO. 5:18-cv-00248, 2019 WL 6717635, *1 (S.D.W. Va. Dec. 10, 2019) ("District courts within the Fourth Circuit have determined that Descamps merely crystallized its previous rulings and has not been applied retroactively on collateral review. . . . Similarly, the Supreme Court's decision in Mathis sets forth a procedural rule that has not been made retroactive on collateral review.") (internal citations and quotations omitted); Barnes v. Bragg, C/A No. 1:18-1181-JFA-SVH, 2018 WL 4557085, *3 (D.S.C. June 14, 2018) ("Petitioner cannot satisfy the criteria to invoke § 2255's savings clause to proceed under § 2241. Petitioner is not able to meet the savings clause in In re Jones, as neither Descamps or Mathis have decriminalized the criminal conduct . . . for which Petitioner was convicted. Petitioner is also unable to meet the Wheeler savings clause, as neither Descamps or Mathis announced a new rule of law retroactively applied on collateral review."). Hidalgo's objections are **OVERRULED**.<sup>*</sup>

---

<sup>*</sup> Hidalgo does not even address Magistrate Judge Eifert's conclusion that Esquivel, Hinkle, and Mathis do not apply to his case and/or do not alter the legality of his sentence. See PF&R at 13-14, 18-23; see also United States v. Hearn, CRIMINAL ACTION NO. 07-50033-06, 2019 WL 3063533, *2 (W.D. La. Jul. 11, 2019) ("The analysis set forth in Mathis and Hinkle simply does not apply to Hearn's case."); Hernandez v. Ormond, Civil No. 6:18-cv-0060-GFVT, 2019 WL 123881, *3 (E.D. Ky. Jan. 7, 2019) ("Descamps and Mathis are inapplicable to sentences enhanced under § 841(b)(1)(A)."); United States v. Doney, CR 04-053-GF-CCL, 2018 WL 1141372, *3 (D. Mont. Mar. 2, 2018) ("[B]ecause Defendant was not sentenced as a Career Offender under . . . the Sentencing Guidelines, Hinkle is not applicable to either the facts or the law pertinent to Defendant's case."); Samarripa v. Ormond, Civil

7

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's motion to dismiss, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing

---

Action No. 6:17-86-DCR, 2017 WL 3668428, *3 (E.D. Ky. Aug. 24, 2017) (same); Collier v. United States, CIVIL ACTION NO. 1:12cv376, 2017 WL 3879096, *6 (E.D. Tex. Jul. 13, 2017) (holding that Hinkle did not apply to movant's case because the "definition for `felony drug offense' set forth in 21 U.S.C. § 802(44) is the definition applicable to movant's case, and is different from the definition of `controlled substance offense' contained in § 4B1.1").

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 9th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge